# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| LAVON POYNTER, | ) |
| PLAINTIFF, | ) |
| | ) CASE NO. 3:25-cv-83-DJH |
| VS. | ) |
| THE DOW CHEMICAL COMPANY, | ) HON. |
| DEFENDANT. | ) |

## COMPLAINT

PLAINTIFF, LAVON POYNTER, by and through his attorneys, Jared Smith of Jared Smith Law, PLLC, and Carla Aikens of Carla D. Aikens, P.L.C. (pending pro-hac vice admission), submits the following Complaint against THE DOW CHEMICAL COMPANY.

## JURY DEMAND

COMES NOW PLAINTIFF, LAVON POYNTER and hereby makes his demand for trial by jury.

## PARTIES

1. At all times relevant to this complaint, Plaintiff LAVON POYNTER was a resident of Hardin County in the State of Kentucky.

2. Defendant, THE DOW CHEMICAL COMPANY is a domestic profit corporation, conducting business in Kentucky and with its principal place of business in Midland, MI.

## JURISDICTION

3. The events in question took place in Hardin County, Kentucky.

4. This court has jurisdiction over these claims on the basis of federal question jurisdiction pursuant to title 7 Civil Rights Act of 1964, 42 USC sec. 2000 9-16, and the state claims by supplemental jurisdiction through 28 USC sec. 1367 et seq.

## VENUE

5. Venue is proper in this Court, the Western District of Kentucky, pursuant to sec. 706 d3 of Title 7 42 USC sec. 2000e-5(f)(3) 5c, because the unlawful employment discrimination occurred in this district.

## STATEMENT OF FACTS

6. Plaintiff, an African American employee, was employed by Defendant from April 2018 until July 2023, working at Building Location ET-5.

7. Throughout Plaintiff's employment, Defendant engaged in a pattern of racial discrimination, including disparate treatment in discipline, failure to promote, and a hostile work environment.

8. Sometime in 2022, Plaintiff followed company policy by contacting the TA support team when the vacuum system alarmed out. Instead of receiving assistance, Plaintiff was yelled at and had the phone hung up on him.

9. The following day, Plaintiff was taken into a back room by management and falsely accused of failing to follow proper procedures, despite having complied with company policy.

10. Based on Plaintiff's observations, white employees who encountered similar equipment failures were treated differently, with no discipline or adverse actions taken against them.

11. In 2022, Plaintiff applied for the Environmental Health and Safety (EHS) Technician position. During the interview, Plaintiff was praised for his responses and qualifications, which included multiple state board certifications, Firefighter 1 & 2 certifications, and hazardous materials certifications, exceeding the job's requirements.

12. Despite Plaintiff's superior qualifications and experience, Defendant awarded the position to a white employee with no prior experience.

13. In 2022, Plaintiff was wrongfully accused of being involved in a chemical spill, despite his coworker admitting responsibility for the incident. Plaintiff was disciplined for the spill.

14. White employees involved in similar or more severe chemical spills were not subjected to disciplinary actions.

15. Sometime in 2023, Plaintiff was falsely accused of sleeping on the job and was written up, despite the allegation being untrue.

16. Following this disciplinary action, Plaintiff filed a formal complaint against management for harassment, citing an inability to maintain a peaceful personal life, loss of sleep, and rising blood pressure due to workplace stress.

17. Within weeks of filing the harassment complaint, Plaintiff was terminated for alleged tardiness from 2021.

18. Other employees, including white employees, had similar or worse attendance records but were not terminated.

19. Plaintiff's termination was in retaliation for filing a complaint against management.

20. Throughout his employment, Plaintiff was repeatedly denied promotions and advancement opportunities despite having superior qualifications.

21. No African American employees at Plaintiff's workplace had been promoted during his tenure.

22. African American employees were disproportionately disciplined compared to their white colleagues.

23. Plaintiff regularly heard racial comments in the workplace but was afraid to report them due to fear of retaliation.

24. Plaintiff reported workplace discrimination to Defendant's ethics representative, John Hayden, and Tim Whalen.

25. Plaintiff's wrongful termination and Defendant's discriminatory actions violated 42 U.S.C. § 1981 and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.020.

26. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT I
## DISCRIMINATION IN VIOLATION OF 42 USC § 1981

27. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as if fully set forth herein.

28. 42 USC § 1981 prohibits individuals from engaging in acts of racial discrimination.

29. Defendant's discrimination against Plaintiff as described above is in violation of the rights of plaintiffs afforded them by the Civil Rights Act of 1866, 42 USC § 1981, as amended by the Civil Rights Act of 1991.

30. Plaintiff is a member of a protected class; he is African-American.

31. By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as are enjoyed by non-African American employees to the creation, performance, enjoyment, and all benefits and privileges of their contractual employment relationship with Defendant, in violation of 42 USC § 1981.

32. Defendant's treatment of Plaintiff, as described above, was based at least in part, on the unlawful consideration of his race.

33. Similarly situated non-African American employees were treated better in the terms and conditions of their employment.

34. Agents of Defendant were predisposed to discriminate against Plaintiff based on his race and/or color.

35. The actions of Defendant and its agents were willful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

36. As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff's employment were adversely affected, and Plaintiff was unlawfully terminated.

37. As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, outrage and humiliation, mental anguish, anxiety about their future, physical and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life.

## COUNT II
**DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF KY. REV. STAT. ("KRS") § 344.020 ET SEQ**

38. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

39. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, KRS § 344.020 as amended.

40. Defendants' conduct, as alleged herein, violated KRS § 344.020, which makes it unlawful to harass or discriminate an employee on the basis of that employee's race or association with a particular race.

41. Plaintiff is an African American woman, and, as a result, is a member of a protected class pursuant to KRS § 344.020 et seq.

42. Plaintiff was subjected to offensive communication and/or conduct on the basis of his membership in this protected class, including but not limited to improperly training him, improperly scheduling his, failing to protect him from harassment by other employees, and eventually terminating him.

43. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

44. The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

45. As a proximate result of the Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

46. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

47. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT III
## FAILURE TO PROMOTE IN VIOLATION OF 42 U.S.C. § 1981

48. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

49. Plaintiff applied for the Environmental Health and Safety (EHS) Technician position in 2022 and was highly qualified, holding multiple certifications exceeding the job requirements.

50. Despite Plaintiff's superior qualifications, Defendant awarded the position to a less-qualified white candidate.

51. Defendant's decision not to promote Plaintiff was motivated by his race and was part of a broader pattern of denying African American employees advancement opportunities.

52. No African American employees in Plaintiff's workplace were promoted during his tenure.

53. As a direct and proximate result of Defendant's failure to promote Plaintiff, he suffered lost wages, career advancement opportunities, and emotional distress.

54. Defendant's actions were willful, intentional, and in reckless disregard of Plaintiff's rights, entitling Plaintiff to compensatory and punitive damages.

## COUNT IV
## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

55. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

56. At all material times, Defendant was an employer and Plaintiff an employee, covered by, and within the meaning of 42 U.S.C. § 1981.

57. Defendant's conduct, as alleged herein, 42 U.S.C. § 1981, which makes it unlawful to retaliate against an employee for engaging in protected activity.

58. A respondeat superior relationship existed because Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct Plaintiff's daily work activity, as alleged in the statement of facts.

59. Plaintiff engaged in protected activity when he took the following actions, including but not limited to, reporting harassment and improper scheduling.

60. Defendant, through its employees, had knowledge that Plaintiff engaged in protected behavior, because they were present for the actions in question and/or Plaintiff reported it directly to Defendant's agents.

61. Defendant and/or its agents took adverse employment actions against Plaintiff, including but not limited to terminating him.

62. But for Plaintiff's participation in protected activity, Defendant would not have taken said adverse employment actions against Plaintiff.

63. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

64. As a proximate result of Defendant's retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

65. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

66. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT V
## RETALIATION IN VIOLATION OF KRS § 344.020 ET SEQ.

67. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

68. At all material times, Defendant was an employer and Plaintiff an employee, covered by, and within the meaning of KRS § 344.020 et seq.

69. Defendant's conduct, as alleged herein, KRS § 344.020 et seq., which makes it unlawful to retaliate against an employee for engaging in protected activity.

70. A respondeat superior relationship existed because Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct Plaintiff's daily work activity, as alleged in the statement of facts.

71. Plaintiff engaged in protected activity when he took the following actions, including but not limited to, reporting harassment and improper scheduling.

72. Defendant, through its employees, had knowledge that Plaintiff engaged in protected behavior, because they were present for the actions in question and/or Plaintiff reported it directly to Defendant's agents.

73. Defendant and/or its agents took adverse employment actions against Plaintiff, including but not limited to terminating him.

74. But for Plaintiff's participation in protected activity, Defendant would not have taken said adverse employment actions against Plaintiff.

75. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

76. As a proximate result of Defendant's retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

77. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

78. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VI
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF 42 U.S.C. § 1981

79. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

80. Defendant created and maintained a hostile work environment by subjecting Plaintiff to racial discrimination, unfounded disciplinary actions, disparate treatment, and racially charged comments.

81. Plaintiff regularly heard racial comments in the workplace but feared reporting them due to the risk of retaliation.

82. Plaintiff was targeted for disciplinary actions that were not imposed on similarly situated white employees.

83. Defendant's actions were severe and pervasive enough to alter the terms and conditions of Plaintiff's employment, creating a hostile work environment.

84. As a direct and proximate result of Defendant's hostile work environment, Plaintiff suffered emotional distress, mental anguish, and physical health issues, including sleep loss and increased blood pressure.

85. Defendant's conduct was willful, intentional, and in reckless disregard of Plaintiff's rights, entitling Plaintiff to compensatory and punitive damages.

## COUNT VII
## HOSTILE WORKPLACE ENVIRONMENT IN VIOLATION OF KRS § 344.020 ET SEQ.

86. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

87. At all material times, Plaintiff was an employee, and Defendant was an employer covered by, and within the meaning of the KRS § 344.020 et seq.

88. A respondeat superior relationship existed because Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and/or the authority to direct Plaintiff's daily work activity, as alleged throughout this complaint.

89. Defendant's conduct, as alleged herein, violated KRS § 344.020 et seq., which makes it unlawful to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

90. Defendant intentionally created an environment, more fully laid out in the statement of facts and herein the complaint, in which Plaintiff was subjected to harassment.

91. Defendant knew specifically of Plaintiff's mistreatment because he made a complaint and/or Defendant was a witness.

92. This type of conduct was intended to, and did interfere with Plaintiffs employment, and created an intimidating, hostile, or offensive work environment, as alleged in the statement of facts.

93. Defendant's hostile work environment was cultivated intentionally, with malice, or with reckless indifference to Plaintiffs rights.

94. But for Defendant's illegal discrimination and retaliation, and the environment that that discrimination and retaliation created, Plaintiff would not have been damaged nor terminated.

95. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

96. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

97. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VIII
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

98. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

99. Plaintiff's termination was in violation of public policy, because Defendant terminated him for making workplace complaints, regardless of whether the complaints were about race.

100. It is a violation of public policy in the Commonwealth of Kentucky to retaliate against an employee just for making complaints to try to ensure a fair and less hostile working environment.

101. Plaintiff was terminated in 2023 on the pretextual basis of tardiness from 2021, despite numerous other employees having similar or worse attendance records without facing termination.

102. Plaintiff's termination occurred weeks after he filed a complaint against management for harassment, demonstrating a causal connection between his complaint and termination.

103. Defendant's termination of Plaintiff was motivated by discrimination and retaliation for Plaintiff's complaints of workplace discrimination.

104. As a direct and proximate result of Defendant's wrongful termination, Plaintiff has suffered lost wages, lost benefits, emotional distress, and reputational harm.

105. Defendant's conduct was willful, intentional, and in reckless disregard of Plaintiff's rights, entitling Plaintiff to compensatory and punitive damages.

## **RELIEF REQUESTED**

PLAINTIFF, LAVON POYNTER, respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1. Compensatory and pecuniary damages in an amount to which Plaintiff is entitled;

2. Exemplary and/or punitive damages in an amount to which Plaintiff is entitled;

3. An award of lost wages and the value of fringe benefits, past and future;

4. An award of interest, costs, and reasonable attorney fees; and

5. An order awarding any other equitable relief that appears appropriate at the time of final judgment.

Dated: February 14, 2025

                                             Respectfully Submitted,

                                             **JARED SMITH LAW, PLLC**

                                             **/s/ Jared J. Smith**
                                             Jared J. Smith (#94507)
                                             110 E. Main St., Ste. 107
                                             Georgetown, KY 40324
                                             jared@kentuckytriallawyers.com
                                             Telephone: (502) 219-2525
                                             *Counsel for Plaintiff*